IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 2, 2024 in Jackson

**STATE OF TENNESSEE v. RONNIE DALE WHITENER**

**Appeal from the Criminal Court for Putnam County**
**Nos. 2018-CR-1150, -1151, -1274, 2019-CR-263, -935, -926, -1221A**
**Wesley Thomas Bray, Judge**

_____

**No. M2023-00618-CCA-R3-CD**

_____

In 2020, the Petitioner, Ronnie Dale Whitener, pleaded guilty to one count of the sale of and one count of the possession of less than 0.5 grams of methamphetamine, as well as one count of theft and one count of being a felon in possession of a handgun. The trial court sentenced him to an effective sentence of ten years of incarceration. In March 2023, the Petitioner filed a petition for post-conviction relief, which is not included in the record. The trial court summarily dismissed the petition as untimely, and the Petitioner appeals. After review, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which TOM GREENHOLTZ, and KYLE A. HIXSON, JJ., joined.

Ronnie Dale Whitener, for the appellant, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Brooke A. Huppenthal, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Mark E. Gore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Petitioner's pleading guilty to the possession and sale of methamphetamine and also to possessing a firearm as a convicted felon. The record is scant; it includes neither the judgment nor the petition for post-conviction relief. Pursuant to an order of this court, the Putnam County Circuit Court Clerk filed a supplemental technical record, which contains his guilty plea agreements and the judgments of conviction, but it still does not contain his petition for post-conviction relief.

As part of his indigency request, the Petitioner submitted paperwork that indicated that he had been convicted of driving on a revoked license in 2016, and of driving under the influence ("DUI") in 2013. Additionally, in his brief, he states that the grounds for relief did not arise until years after his plea because the State breached the plea agreement by keeping him incarcerated beyond thirty-five percent of his ten-year sentence.

The Petitioner's brief also states that his convictions additionally included theft of property valued under $1,000 and possession of drug paraphernalia. He asserts in the brief that an express condition of his plea agreement was that he be released after serving thirty-five percent of his agreed ten-year sentence of incarceration.

After review of the supplemental record, it appears that the Petitioner pleaded guilty to multiple offenses. His guilty plea waiver indicates that he would be sentenced as a Range II offender, at thirty-five percent. This does not appear as an "express condition" but simply states that the Petitioner will be sentenced "as a Range 2 offender."

> The judgments of conviction show that the Petitioner pleaded guilty to:
>> Sale of Schedule II Meth, less than 0.5 grams – sentence of four years and a Range II Multiple Offender (35%)
>> Possession of a Schedule II, Meth, less than 0.5 grams – sentence four years as a Range II, Multiple Offender (35%) (consecutive)
>> Theft under $1,000 – sentence eleven months and twenty-nine days to be served at 75% (concurrent)
>> Driving on a Revoked License – sentence five months and twenty-nine days to be served at 75% (concurrent)
>> Possession of a Firearm by a Convicted Felon – sentence of two years[1] as a Range II, Multiple Offender (35%) (consecutive)
>> Possession of Drug Paraphernalia – sentence length eleven months and twenty-nine days, to be served at 75% (concurrent)

These sentences equal a total effective sentence of ten years, to be served at thirty-five percent.

> The trial court's order is included in the record. It states:
>> This matter came to be heard before the Honorable Wesley Thomas Bray, Judge of the Criminal Court for Putnam County, Tennessee, upon the pro se "Petition for Relief from Conviction or sentence and for other Relief" field herein March 31, 2023, by the [Petitioner], Ronnie Dale Whitener.

---

[1] The judgment of conviction does not indicate the sentence length, however, the sentence length is listed on the plea agreement.

The Court finds that the Defendant, Ronnie Dale Whitener, entered guilty pleas to the Sale of Schedule II, Methamphetamine, less than 0.5 grams, Possession of Schedule II, Methamphetamine, less than 0.5 grams and Possession of a Firearm by a Felon on March 30, 2020 for a ten (10) year effective sentence to serve with the Tennessee Department of Corrections. The Court further finds that as no appeals were filed in this matter, the Defendant's Motion is not timely filed, pursuant to T.C.A. 40-30-102(a), and is therefore barred by the Statute of Limitations there in and; therefore it is accordingly

ORDERED, ADJUDGED, and DECREED that the Defendant's "Petition for Relief from Conviction or sentence and for other Relief" be and is hereby denied.

In compliance with T.C.A. § 40-30-112, the Clerk of the Court shall send a copy of this final judgment to the Petitioner, and authority imposing restraint on the Petitioner, and the Attorney General and Reporter in Nashville.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred when it summarily dismissed his petition as untimely. The State counters that the trial court properly dismissed the petition, and we agree with the State.

We first note, as did the State, that the Petitioner has failed to prepare an adequate record in that the record in this case does not include a transcript of the guilty plea hearing or the post-conviction petition.[2] It is the appellant's burden to prepare a record "sufficient to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). Failure to comply results in a waiver of our review of the issues, and thus the Petitioner has waived our review.

Accordingly, the Petitioner is not entitled to relief.

## III. Conclusion

---

[2] The supplemental record contains only the guilty plea agreements and the judgment of conviction. Indeed, in providing the supplemental record, the clerk of the Putnam County Circuit Court certified that no post-conviction petition has been filed by the Petitioner "prior to filing his appeal."

3

Based on the foregoing reasoning and authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE